# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No._____

THE NEIMAN MARCUS GROUP, INC.;
BERGDORF GOODMAN, INC.; AND
NM NEVADA TRUST,

                Plaintiffs,

      v.

NAME.COM, LLC A/K/A NAME.COM; NAME NET LLC A/K/A NAME.NET; AND
SPOT DOMAINS LLC A/K/A DOMAINSITE.COM

          Defendants.

---

## COMPLAINT FOR CYBERSQUATTING; TRADEMARK INFRINGEMENT; DILUTION; UNFAIR AND DECEPTIVE TRADE PRACTICES; AND UNFAIR COMPETITION AND DEMAND FOR JURY TRIAL

---

The Neiman Marcus Group, Inc., Bergdorf Goodman, Inc., and NM Nevada Trust, (collectively "Plaintiffs"), for their complaint against Name.com LLC a/k/a Name.com, Name.net LLC a/k/a Name.net, and Spot Domain LLC a/k/a Domainsite.com, (collectively "Defendants"), allege as follows:

## JURISDICTION AND VENUE

1.     This is an action for cybersquatting under 15 U.S.C. § 1125(d); for trademark infringement under 15 U.S.C. § 1114(1) and common law; for false designation of origin under 15 U.S.C. § 1125(a); for dilution under 15 U.S.C. § 1125(c), for violation of the Colorado Consumer Protection Acts under C.R.S. § 6-1-105, and unfair competition under Colorado

common law. This Court has subject matter jurisdiction over the claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

2.      This Court has supplemental jurisdiction over the claims in this Complaint that arise under the statutory and common law of the State of Colorado pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Name.com, LLC a/k/a Name.com, Name.net LLC a/k/a Name.net, and Spot Domain LLC a/k/a Domainsite.com reside in this District and because a substantial part of the events giving rise to the claims occurred in this District.

### FACTS AND BACKGROUND
#### Parties and Personal Jurisdiction

4.      The Neiman Marcus Group, Inc. ("Neiman Marcus") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1618 Main Street, Dallas, Texas 75201.

5.      NM Nevada Trust is a Massachusetts business trust, with its address at 3200 Las Vegas Boulevard, Las Vegas, Nevada 89109.

6.      Bergdorf Goodman, Inc. ("Bergdorf Goodman") is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 754 Fifth Avenue, New York, NY 10019.

7.      Name.com, LLC a/k/a Name.com ("Name.com") is a Wyoming corporation located at 125 Rampart Way, Suite 300, Denver, Colorado 80230. This Court has personal jurisdiction over Name.com because it resides within this District, has its principal place of business within this District, and conducts substantial business within this District related to the unlawful activities at issue in this Complaint. The harm suffered by Plaintiffs flows directly from the business conducted by Name.com within this District.

2

8.     Name.net LLC a/k/a Name.net ("Name.net") is a Wyoming corporation located at 125 Rampart Way, Suite 300, Denver, Colorado  80230. This Court has personal jurisdiction over Name.net because it resides within this District, has its principal place of business within this District, and conducts substantial business within this District related to the unlawful activities at issue in this Complaint. The harm suffered by Plaintiffs flows directly from the business conducted by Name.net within this District.

9.     Spot Domain LLC a/k/a Domainsite.com ("Spot Domain") is a Wyoming corporation located at 125 Rampart Way, Suite 300, Denver, Colorado  80230. This Court has personal jurisdiction over Spot Domain because it resides within this District, has its principal place of business within this District, and conducts substantial business within this District related to the unlawful activities at issue in this Complaint. The harm suffered by Plaintiffs flows directly from the business conducted by Spot Domain within this District.

10.     Plaintiffs are informed and believe, and on that basis allege, that at all times material to this action, each of the Defendants was the agent, servant, employee, partner, alter ego, subsidiary, and/or joint venturer of each of the other Defendants; that the acts of each of the Defendants were in the scope of such relationship; that in doing the acts and failing to act as alleged in this Complaint, each of the Defendants acted with the knowledge, permission, and/or consent of every other Defendant; and that each of the Defendants aided and/or abetted the other Defendants in the acts or omissions alleged in this Complaint.

**Neiman Marcus' Business and Trademarks**

11.     Neiman Marcus' and NM Nevada Trust's predecessors in interest established the Neiman Marcus retail business in 1907 as a local specialty store in Dallas, Texas. During the past century Neiman Marcus has grown into a nationwide chain of retail stores and a nationwide mail order catalog retail business. Neiman Marcus operates thirty-six stores located in premier retail locations in major markets nationwide. Hundreds of thousands of consumers hold Neiman Marcus charge accounts, and sales revenues from the Neiman Marcus stores and catalogs business total in the hundreds of millions of dollars during the past year.

3

12.    NM Nevada Trust owns the trade names, trademarks and service marks NEIMAN-MARCUS and NEIMAN MARCUS, which are valid marks and are the subject of numerous registrations on the Principal Register of the United States (collectively, the "Neiman Marcus Marks"). The Neiman Marcus Marks are valid and incontestable under the provisions of 15 U.S.C. § 1065. A table summarizing the registrations of the Neiman Marcus Marks as well a copy of the registration certificate for each registration is attached to this Complaint as Exhibit 1.

13.    NM Nevada Trust licenses the Neiman Marcus Marks to Neiman Marcus.

14.    The Neiman Marcus Marks are used in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of Neiman Marcus' goods and services.

15.    As a result of nearly a century of use, the Neiman Marcus Marks have developed extensive goodwill in the market and are extremely valuable to Neiman Marcus and NM Nevada Trust.

16.    The Neiman Marcus Marks are famous marks.

17.    In the Fall of 1999, Neiman Marcus expanded its retailing strategy by launching an e-commerce website at www.neimanmarcus.com.

**Bergdorf Goodman's Business and Trademarks**

18.    Bergdorf Goodman's and NM Nevada Trust's predecessors in interest established the Bergdorf Goodman retail business in 1901 as a local specialty store in New York City. Over the past century Bergdorf Goodman has grown into one of the nation's best-known retail stores, and operates a nationwide mail order catalog retail business.

19.    Bergdorf Goodman operates its world famous main retail store in Manhattan, New York, New York.

20.    NM Nevada Trust owns the trade names, trademarks and service marks BERGDORF GOODMAN, which are valid marks and are the subject of numerous registrations on the Principal Register of the United States (collectively, the "Bergdorf Goodman Marks"). The Bergdorf Goodman Marks are valid and incontestable under the provisions of 15 U.S.C.

§ 1065. A table summarizing the registrations of the Bergdorf Goodman Marks as well a copy of the registration certificate for each registration is attached to this Complaint as Exhibit 2.

21.   NM Nevada Trust licenses the Bergdorf Goodman Marks to Bergdorf Goodman.

22.   The Bergdorf Goodman Marks are used in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of Bergdorf Goodman's goods and services.

23.   As a result of over a century of use, the Bergdorf Goodman Marks have developed extensive goodwill in the market and are extremely valuable to Bergdorf Goodman and NM Nevada Trust.

24.   The Bergdorf Goodman Marks are famous marks.

25.   In addition to identifying Bergdorf Goodman's retail outlets, the Bergdorf Goodman Marks and service marks are also used in connection with a highly successful direct-mail business, offering similar goods and services.

26.   In 2001, Bergdorf Goodman expanded its retailing strategy by launching an e-commerce website at www.bergdorfgoodman.com.

### Defendants' Registration and Use of Internet Domain Names for its Own Pecuniary Benefit

27.   Plaintiffs are informed and believe and on that basis allege that Name.com LLC is also known as, and conducts business as, Name.com.

28.   Plaintiffs are informed and believe and on that basis allege that Name.net LLC is also known as, and conducts business as, Name.net.

29.   Plaintiffs are informed and believe and on that basis allege that Spot Domain LLC is also known as, and conducts business as, Domainsite.com.

30.   Plaintiffs are informed and believe and on that basis allege that Name.com is a registrar of Internet domain names accredited by the Internet Corporation for Assigned Names and Numbers ("ICANN").

31.     Plaintiffs are informed and believe and on that basis allege that Name.net is a registrar of Internet domain names accredited by ICANN.

32.     Plaintiffs are informed and believe and on that basis allege that Spot Domain is a registrar of Internet domain names accredited ICANN.

33.     Plaintiffs are informed and believe and on that basis allege that Name.com, as an ICANN accredited registrar, has direct access to register Internet domain names from one or more Internet registries, including the .com registry operated by Verisign, Inc.

34.     Plaintiffs are informed and believe and on that basis allege that Name.net, as an ICANN accredited registrar, has direct access to register Internet domain names from one or more Internet registries, including the .com registry operated by Verisign, Inc.

35.     Plaintiffs are informed and believe and on that basis allege that Domainsite.com, as an ICANN accredited registrar, has direct access to register Internet domain names from one or more Internet registries, including the .com registry operated by Verisign, Inc.

36.     Plaintiffs are informed and believe and on that basis allege that Defendants registered numerous Internet domain names for their own use (the "Defendant Domain Names").

37.     Plaintiffs are informed and believe and on that basis allege that, at the time Defendants registered each of the Defendant Domain Names, Defendants did not have an identifiable customer for the Defendant Domain Names.

38.     Plaintiffs are informed and believe and on that basis allege that Defendants were the registrant for the Defendant Domain Names.

39.     Plaintiffs are informed and believe and on that basis allege that Defendants were also the registrar for the Defendant Domain Names.

40.     Plaintiffs are informed and believe and on that basis allege that Defendants, as ICANN accredited registrars, were able to delete some of the Defendant Domain Names from the registry within 5 days and receive a refund of all registration fees.

41.     Plaintiffs are informed and believe and on that basis allege that Defendants register numerous Defendant Domain Names and determine how much traffic each domain name

receives, and then delete those registrations with lower traffic to receive a refund of the registration fees.

42.     Plaintiffs are informed and believe and on that basis allege that Defendants, as ICANN accredited registrars, were able to, and did, register the Defendant Domain Names without listing whois information in its registrar database.

43.     Plaintiffs are informed and believe and on that basis allege that Defendants' failure to list the whois information for the Defendant Domain Names, which were fully operational domain names and which hosted content, is a breach of Defendants' respective registrar agreements with ICANN.

44.     Plaintiffs are informed and believe and on that basis allege that at the time of registration of the Defendant Domain Names, Defendants provided material and misleading false contact information, or failed to provide contact information, for some of the Defendant Domain Names.

45.     Plaintiffs are informed and believe and on that basis allege that Defendants use the domain name servers ns.1.name.net and ns.2.name.net for each of the Defendant Domain Names.

46.     Plaintiffs are informed and believe and on that basis allege that Defendants host websites at the Defendant Domain Names which display HTML links featuring advertisements.

47.     Plaintiffs are informed and believe and on that basis allege that Defendants cause pop-up and pop-under advertisements to be displayed when users access the websites at the Defendant Domain Names.

48.     Plaintiffs are informed and believe and on that basis allege that when Internet users click on one or more of the displayed HTML links or pop-up or pop-under advertisements on the websites at the Defendant Domain Names, Defendants receive payment from one or more advertisers, search engines, or affiliate programs.

49.     Plaintiffs are informed and believe and on that basis allege that on many of the websites at the Defendant Domain Names, Defendants provide an HTML link titled "Inquire

About [particular domain name]." For example, on the website available at neimanmarcucs.com the link reads "Inquire about neimanmarcucs.com." Clicking on this HTML link redirects users to a sales page, including a form to submit a purchase offer for the domain name.

50.     Plaintiffs are informed and believe and on that basis allege that Defendants offer to sell each of the Defendant Domain Names. One of the Defendant Domain Names was righteouscoffee.com. A copy of a webpage identifying righteouscoffee.com as potentially for sale, and soliciting purchase offers, is attached to this Complaint as Exhibit 3.

51.     Plaintiffs are informed and believe and on that basis allege that on or about November 16, 2006, Defendants offered to sell the righteouscoffee.com Internet domain name for $100. Copies of the correspondence making the offer to Plaintiffs' investigator are attached to this Complaint as Exhibit 4.

52.     Plaintiffs are informed and believe and on that basis allege that Defendants accept payment for the sale of the Defendant Domain Names via their Paypal account "Name.net LLC."

53.     On or about November 21, 2006, Defendants sold the righteouscoffee.com Internet domain name for $100. Defendants accepted payment via their Paypal account "Name.net LLC." A copy of the PayPal payment transaction between the purchaser of righteouscoffee.com and Name.net LLC is attached as Exhibit 5.

### Defendants' Registration, Use, and Trafficking in Internet Domain Names that are Confusing Similar to Famous or Distinctive Trademarks

54.     Plaintiffs are informed and believe and on that basis allege that some of the Defendant Domain Names are confusingly similar to famous or distinctive trademarks ("Confusingly Similar Internet Domain Names"). A representative list of some of the Confusingly Similar Internet Domain Names is attached to this Complaint as Exhibit 6.

55.     Plaintiffs are informed and believe and on that basis allege that at the time of registration Defendants provided materially false contact information or failed to provide contact information for some of the Confusingly Similar Internet Domain Names.

56.     Plaintiffs are informed and believe and on that basis allege that Defendants use the domain name servers ns.1.name.net.com and ns.2.name.net.com for each of the Confusingly Similar Internet Domain Names.

57.     Plaintiffs are informed and believe and on that basis allege that Defendants use the Confusingly Similar Internet Domain Names to divert Internet users searching for the famous or distinctive trademarks.

58.     Plaintiffs are informed and believe and on that basis allege that Defendants host websites at the Confusingly Similar Internet Domain Names which display HTML links featuring advertisements for goods and services that are directly competitive with those sold or provided in connection with the famous or distinctive trademarks of others.

59.     Plaintiffs are informed and believe and on that basis allege that Defendants cause pop-up and pop-under advertisements to be displayed when users access the websites at the Confusingly Similar Internet Domain Names.

60.     Plaintiffs are informed and believe and on that basis allege that when Internet users click on one or more of the displayed HTML links or pop-up or pop-under advertisements on the websites, Defendants receive payment from one or more advertisers, search engines, or affiliate programs.

61.     Plaintiffs are informed and believe and on that basis allege that Defendants offer to sell the Confusingly Similar Internet Domain Names.

62.     Plaintiffs are informed and believe and on that basis allege that on each of the websites at the Confusingly Similar Internet Domain Names, Defendants provide an HTML link titled "Inquire about [particular domain name]." Clicking on this HTML links to a Name.net sales page, including a form for submitting a purchase offer to Defendants. Users are directed to email "support@name.net" if they have any problems.

63.     Plaintiffs are informed and believe and on that basis allege that Defendants accept payments for the sale of the Confusingly Similar Internet Domain Names via its Paypal user account, Name.net LLC.

**Defendants' Registration, Use, and Trafficking in Internet Domain
Names that are Confusing Similar to the Neiman Marcus Marks and
Bergdorf Goodman Marks**

      64.     Plaintiffs are informed and believe and on that basis allege that Defendants have

registered at least the following Internet domain names:

| | |
|---|---|
| comneimanmarcus.com | neimansmarquis.com |
| neimamnmarcus.com | neimunmarcos.com |
| neimancmarcus.com | nelmnmarcus.com |
| neimanmarco.com | nemanandmarcus.com |
| neimanmarcucs.com | nemansmarcus.com |
| neimanmarcuos.com | neomeinmarcus.com |
| neimanmarcur.com | neumammarcus.com |
| neimanmarcuschildren.com | neuman-marcus.com |
| neimanmarcusl.com | niehmanmarcus.com |
| neimanmarcusmail.com | niemanmaqrcus.com |
| neimanmarfcus.com | niemanmarcuc.com |
| neimanmaricus.com | niemanmarcusonline.com |
| neimanmarkis.com | niemannarcus.com |
| neimanmaurcus.com | nimunmarcus.com |
| neimannmarkus.com | nreimanmarcus.com |

(collectively the "Neiman Marcus Related Domain Names"); and:

| | |
|---|---|
| berdgorfgoodman.com | bergdorggoodman.com |
| bergdoffgoodmanstore.com | bergdorgoodman.com |
| bergdorffgoodmannyc.com | bergdorigoodman.com |
| bergdorfgoodmansale.com | bergdrofgoodman.com |
| bergdorfmens.com | bergofgoodman.com |
| bergdorfsgoodman.com | bergorfgoodman.com |

(collectively the "Bergdorf Goodman Related Domain Names").  The Neiman Marcus Related

Domain Names and the Bergdorf Goodman Related Domain Names are collectively referred to

as the "Infringing Domain Names."  The whois data for many of the Infringing Domain Names

is attached to this Complaint as Exhibit 7.

      65.     Plaintiffs are informed and believe and on that basis allege that some of the

Infringing Domain Names were deleted within the fifth day for a refund.

66. Neiman Marcus and NM Nevada Trust are informed and believe and on that basis allege that each of the Neiman Marcus Related Domain Names is confusingly similar to the famous Neiman Marcus Marks.

67. Bergdorf Goodman and NM Nevada Trust are informed and believe and on that basis allege that each of the Bergdorf Goodman Related Domain Names is confusingly similar to the famous Bergdorf Goodman Marks.

68. Plaintiffs are informed and believe and on that basis allege that Defendants did not have an identifiable customer for whom Defendants registered the Infringing Domain Names.

69. Plaintiffs are informed and believe and on that basis allege that Defendants were the registrants for the Infringing Domain Names.

70. Plaintiffs are informed and believe and on that basis allege that at the time of registration Defendants did not provide whois information for several of the Infringing Domain Names. Name.net's whois system returned "NO DOMAIN" for several of the Infringing Domain Names. Whois information for many of the Infringing Domain Names is attached to this Complaint as Exhibit 7.

71. Plaintiffs are informed and believe and on that basis allege that Defendants intentionally failed to maintain accurate contact information for many of the Infringing Domain Names, listing "Secure Whois Information Service" as the registrant. Whois information for many of the Infringing Domain Names is attached to this Complaint as Exhibit 7.

72. Plaintiffs are informed and believe and on that basis allege that Defendants used the Infringing Domain Names to divert Internet users searching for the famous Neiman Marcus Marks or famous Bergdorf Goodman Marks, respectively.

73. Plaintiffs are informed and believe and on that basis allege that Defendants hosted a website at each of the Infringing Domain Names which displayed HTML links featuring advertisements for goods and services that are directly competitive with those sold or provided in connection with the famous Neiman Marcus Marks or famous Bergdorf Goodman Marks,

respectively. Printouts from the website at many of the Infringing Domain Names are attached to this Complaint as Exhibit 9.

74.     Plaintiffs are informed and believe and on that basis allege that Defendants caused pop-up and pop-under advertisements to be displayed when users accessed the website at each of the Infringing Domain Names. Printouts of the advertisements displayed when users accessed the website at many of the Infringing Domain Names are attached to this Complaint as Exhibit 10.

75.     Plaintiffs are informed and believe and on that basis allege that when Internet users clicked on one or more of the displayed HTML links or pop-up or pop-under advertisements on the website hosted at each of the Infringing Domain Names that Defendants received payments from one or more advertisers, search engines, or affiliate programs.

76.     Plaintiffs are informed and believe and on that basis allege that on many of the websites at the Infringing Domain Names Defendants provide an HTML link titled "Inquire About [particular domain name]." Clicking on this HTML links the user to a Name.net sales page, including a form for submitting a purchase offer to Defendants.

## FIRST CAUSE OF ACTION
### [Cybersquatting on the Neiman Marcus Marks Under 15 U.S.C. § 1125(d)]

77.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 76 as though fully set forth here.

78.     Neiman Marcus and NM Nevada Trust are informed and believe and on that basis allege that Defendants registered the Neiman Marcus Related Domain Names.

79.     Neiman Marcus and NM Nevada Trust are informed and believe and on that basis allege that Defendants are the registrant for the Neiman Marcus Related Domain Names.

80.     Neiman Marcus and NM Nevada Trust are informed and believe and on that basis allege that Defendants trafficked in the Neiman Marcus Related Domain Names.

81.     Neiman Marcus and NM Nevada Trust are informed and believe and on that basis allege that Defendants used the Neiman Marcus Related Domain Names.

82.     The Neiman Marcus Marks were distinctive at the time Defendants registered the Neiman Marcus Related Domain Names.

83.     The Neiman Marcus Marks were famous at the time Defendants registered the Neiman Marcus Related Domain Names.

84.     The Neiman Marcus Related Domain Names are confusingly similar to the famous and distinctive Neiman Marcus Marks.

85.     Neiman Marcus and NM Nevada Trust are informed and believe and on that basis allege Defendants registered, trafficked in, or used the Neiman Marcus Related Domain Names with the bad faith intent to profit from the Neiman Marcus Marks.

86.     Neiman Marcus and NM Nevada Trust are informed and believe and on that basis allege Defendants do not have any intellectual property rights in the Neiman Marcus Marks. Neiman Marcus and NM Nevada Trust have not authorized Defendants to use the Neiman Marcus Marks.

87.     Neiman Marcus and NM Nevada Trust are informed and believe and on that basis allege that none of the Neiman Marcus Domain Names consists of the legal name of any of the Defendants, nor a name that is otherwise commonly used to identify any of the Defendants.

88.     Neiman Marcus and NM Nevada Trust are informed and believe and on that basis allege that none of the Defendants have made any prior use of any of the Neiman Marcus Domain Names in connection with the *bona fide* offering of any goods or services.

89.     Neiman Marcus and NM Nevada Trust are informed and believe and on that basis allege that none of the Defendants have made any *bona fide* fair use of the Neiman Marcus Marks in a site accessible under any of the Neiman Marcus Domain Names.

90.     Neiman Marcus and NM Nevada Trust are informed and believe and on that basis allege Defendants registered and used the Neiman Marcus Related Domain Names to divert consumers from Neiman Marcus' website to a site accessible under the Neiman Marcus Related Domain Names for Defendants' commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

91.     Neiman Marcus and NM Nevada Trust are informed and believe and on that basis allege that Defendants have offered to transfer, sell, or otherwise assign the Neiman Marcus Related Domain Names for Defendants' financial gain without having used, or having an intent to use, the Neiman Marcus Related Domain Names in the *bona fide* offering of any goods or services.

92.     Neiman Marcus and NM Nevada Trust are informed and believe and on that basis allege Defendants provided material and misleading false contact information, or failed to provide contact information when registering the Neiman Marcus Domain Names.

93.     Neiman Marcus and NM Nevada Trust are informed and believe and on that basis allege that Defendants intentionally failed to maintain accurate contact information for the Neiman Marcus Domain Names.

94.     Neiman Marcus and NM Nevada Trust are informed and believe and on that basis allege that Defendants' prior failure to provide contact information for the Defendant Domain Names indicates Defendants' pattern of failing to provide accurate contact information.

95.     Neiman Marcus and NM Nevada Trust are informed and believe and on that basis allege that Defendants have registered multiple Internet domain names which Defendants knew were distinctive at the time of registration of the domain names, or dilutive of famous marks of others that were famous at the time of registration.

96.     The Neiman Marcus Marks are famous within the meaning of subsection 15 U.S.C. Section 1125(c).

97.     Defendants' registration, use, and trafficking in, the Neiman Marcus Related Domain Names constitutes cybersquatting in violation of 15 U.S.C. Section 1125(d), entitling Neiman Marcus and NM Nevada Trust to relief.

98.     By reason of Defendants' acts alleged herein, Neiman Marcus and NM Nevada Trust's remedy at law is not adequate to compensate them for the injuries inflicted by Defendants. Accordingly, Neiman Marcus and NM Nevada Trust are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

99.     Neiman Marcus and NM Nevada Trust are informed and believe and on that basis allege that Defendants' acts are willful and malicious, and intended to injure and cause harm to Neiman Marcus and NM Nevada Trust.

100.    By reason of Defendants' acts alleged herein, Neiman Marcus and NM Nevada Trust are entitled to recover Defendants' profits, actual damages and the costs of the action, or statutory damages under 15 U.S.C. § 1117, on election by Neiman Marcus and NM Nevada Trust, in an amount of $100,000 per domain name.

101.    This is an exceptional case making Neiman Marcus and NM Nevada Trust eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### SECOND CAUSE OF ACTION
### [Cybersquatting on the Bergdorf Goodman Marks
### Under 15 U.S.C. § 1125(d)]

102.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 101 as though fully set forth here.

103.    Bergdorf Goodman and NM Nevada Trust are informed and believe and on that basis allege that Defendants registered the Bergdorf Goodman Related Domain Names.

104.    Bergdorf Goodman and NM Nevada Trust are informed and believe and on that basis allege that Defendants are the registrant for the Bergdorf Goodman Related Domain Names.

105.    Bergdorf Goodman and NM Nevada Trust are informed and believe and on that basis allege that Defendants trafficked in the Bergdorf Goodman Related Domain Names.

106.    Bergdorf Goodman and NM Nevada Trust are informed and believe and on that basis allege that Defendants used the Bergdorf Goodman Related Domain Names.

107.    The Bergdorf Goodman Marks were distinctive at the time Defendants registered the Bergdorf Goodman Related Domain Names.

108.    The Bergdorf Goodman Marks were famous at the time Defendants registered the Bergdorf Goodman Related Domain Names.

109.    The Bergdorf Goodman Related Domain Names are confusingly similar to the famous and distinctive Bergdorf Goodman Marks.

110.    Defendants registered, trafficked in, or used the Bergdorf Goodman Related Domain Names with the bad faith intent to profit from the Bergdorf Goodman Marks.

111.    Bergdorf Goodman and NM Nevada Trust are informed and believe and on that basis allege that Defendants do not have any intellectual property rights in the Bergdorf Goodman Marks. Bergdorf Goodman and NM Nevada Trust have not authorized Defendants to use the Bergdorf Goodman Marks.

112.    Bergdorf Goodman and NM Nevada Trust are informed and believe and on that basis allege that none of the Bergdorf Goodman Domain Names consists of the legal name of any of the Defendants, nor a name that is otherwise commonly used to identify any of the Defendants.

113.    Bergdorf Goodman and NM Nevada Trust are informed and believe and on that basis allege that none of the Defendants have made any prior use of any of the Bergdorf Goodman Domain Names in connection with the *bona fide* offering of any goods or services.

114.    Bergdorf Goodman and NM Nevada Trust are informed and believe and on that basis allege that none of the Defendants have made any *bona fide* fair use of the Bergdorf Goodman Marks in a site accessible under any of the Bergdorf Goodman Domain Names.

115.    Bergdorf Goodman and NM Nevada Trust are informed and believe and on that basis allege that Defendants have registered and used or uses the Bergdorf Goodman Related Domain Names to divert consumers from Bergdorf Goodman's website to a site accessible under the Bergdorf Goodman Related Domain Names for their commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

116.    Bergdorf Goodman and NM Nevada Trust are informed and believe and on that basis allege that Defendants have offered to transfer, sell, or otherwise assign the Bergdorf Goodman Related Domain Names for Defendants' financial gain without having used, or having an intent to use, the Bergdorf Goodman Related Domain Names in the *bona fide* offering of any goods or services.

117.   Bergdorf Goodman and NM Nevada Trust are informed and believe and on that basis allege that Defendants provided material and misleading false contact information, or failed to provide contact information when registering the Bergdorf Goodman Domain Names.

118.   Bergdorf Goodman and NM Nevada Trust are informed and believe and on that basis allege that Defendants intentionally failed to maintain accurate contact information for the Bergdorf Goodman Domain Names.

119.   Bergdorf Goodman and NM Nevada Trust are informed and believe and on that basis allege that Defendants' prior failure to provide contact information for the Defendant Domain Names indicates Defendants' pattern of failing to provide accurate contact information.

120.   Defendants have registered multiple Internet domain names which Defendants knew were distinctive at the time of registration of the domain names, or dilutive of famous marks of others that were famous at the time of registration.

121.   The Bergdorf Goodman Marks are famous within the meaning of subsection 15 U.S.C. Section 1125(c)(1).

122.   Defendants' registration, use, and trafficking in, the Bergdorf Goodman Related Domain Names constitutes cybersquatting in violation of 15 U.S.C. Section 1125(d), entitling Bergdorf Goodman and NM Nevada Trust to relief.

123.   By reason of Defendants' acts alleged herein, Bergdorf Goodman and NM Nevada Trust's remedy at law is not adequate to compensate them for the injuries inflicted by Defendants. Accordingly, Bergdorf Goodman and NM Nevada Trust are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

124.   By reason of Defendants' acts alleged herein, Bergdorf Goodman and NM Nevada Trust are entitled to recover Defendants' profits, actual damages and the costs of the action, or statutory damages under 15 U.S.C. § 1117, on election by Bergdorf Goodman and NM Nevada Trust, in an amount of $100,000 per domain name.

125.   This is an exceptional case making Bergdorf Goodman and NM Nevada Trust eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION
### [Trademark Infringement of the Neiman Marcus Marks
### Under 15 U.S.C. § 1114(1)]

126.   Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 125 of this Complaint as though fully set forth here.

127.   Defendants' use in commerce of the Neiman Marcus Marks and the Neiman Marcus Related Domain Names on or in connection with the Neiman Marcus Related Domain Names, websites and pop-up and pop-under advertisements displayed at the Neiman Marcus Related Domain Names, is likely to cause confusion, or to cause mistake, or to deceive.

128.   Defendants' use of the Neiman Marcus Marks and the Neiman Marcus Related Domain Names is likely to cause initial interest confusion among the relevant public.

129.   Neiman Marcus and NM Nevada Trust are informed and believe and on that basis allege that Defendants knowingly provided material false contact information in registering and maintaining the Neiman Marcus Related Domain Names.

130.   The above-described acts of Defendants constitute trademark infringement in violation of 15 U.S.C. §1114(1), entitling Neiman Marcus and NM Nevada Trust to relief.

131.   Defendants have unfairly profited from the infringing actions alleged.

132.   By reason of Defendants' acts, Neiman Marcus and NM Nevada Trust have suffered damage to the goodwill associated with the Neiman Marcus Marks and have suffered irreparable harm.

133.   By reason of Defendants' acts, Neiman Marcus and NM Nevada Trust's remedy at law is not adequate to compensate them for the injuries inflicted by Defendants. Accordingly, Neiman Marcus and NM Nevada Trust are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

134.   By reason of Defendants' willful acts, Neiman Marcus and NM Nevada Trust are entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

135.   This is an exceptional case making Neiman Marcus and NM Nevada Trust eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## FOURTH CAUSE OF ACTION
### [Trademark Infringement of the Bergdorf Goodman Marks Under 15 U.S.C. § 1114(1)]

136.    Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 135 of this Complaint as though fully set forth here.

137.    Defendants' use in commerce of the Bergdorf Goodman Marks and the Bergdorf Goodman Related Domain Names on or in connection with the Bergdorf Goodman Related Domain Names, websites and pop-up and pop-under advertisements displayed at the Bergdorf Goodman Related Domain Names, is likely to cause confusion, or to cause mistake, or to deceive.

138.    Defendants' use of the Bergdorf Goodman Marks and the Bergdorf Goodman Related Domain Names is likely to cause initial interest confusion among the relevant public.

139.    Bergdorf Goodman and NM Nevada Trust are informed and believe and on that basis allege that Defendants knowingly provided material false contact information in registering and maintaining the Goodman Related Domain Names.

140.    The above-described acts of Defendants constitute trademark infringement in violation of 15 U.S.C. §1114(1), entitling Bergdorf Goodman and NM Nevada Trust to relief.

141.    Defendants have unfairly profited from the actions alleged.

142.    By reason of Defendants' acts, Bergdorf Goodman and NM Nevada Trust have suffered damage to the goodwill associated with the Bergdorf Goodman Marks and have suffered irreparable harm.

143.    By reason of Defendants' acts, Bergdorf Goodman and NM Nevada Trust's remedy at law is not adequate to compensate them for the injuries inflicted by Defendants. Accordingly, Bergdorf Goodman and NM Nevada Trust are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

144.    By reason of Defendants' willful acts, Bergdorf Goodman and NM Nevada Trust are entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

145.    This is an exceptional case making Bergdorf Goodman and NM Nevada eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## FIFTH CAUSE OF ACTION
### [False Designation of Origin of the Neiman Marcus Marks Under 15 U.S.C. § 1125(a)]

146.   Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 145 this Complaint as though fully set forth here.

147.   Defendants' use in commerce of the Neiman Marcus Marks and the Neiman Marcus Related Domain Names is likely to cause confusion, or to cause mistake, or to deceive the relevant public that the Neiman Marcus Related Domain Names, websites and pop-up and pop-under advertisements displayed at the Neiman Marcus Related Domain Names are authorized by or are affiliated with Neiman Marcus.

148.   Defendants' use of the Neiman Marcus Marks and the Neiman Marcus Related Domain Names is likely to cause initial interest confusion among the relevant public.

149.   Neiman Marcus and NM Nevada Trust are informed and believe and on that basis allege that Defendants knowingly provided material false contact information in registering and maintaining the Neiman Marcus Related Domain Names.

150.   The above-described acts of Defendants constitute trademark infringement in violation of 15 U.S.C. §1125(a), entitling Neiman Marcus and NM Nevada Trust to relief.

151.   Defendants have unfairly profited from the actions alleged.

152.   By reason of Defendants' acts alleged herein, Neiman Marcus and NM Nevada Trust have suffered damage to the goodwill associated with the Neiman Marcus Marks and have suffered irreparable harm.

153.   By reason of Defendants' acts alleged herein, Neiman Marcus and NM Nevada Trust's remedy at law is not adequate to compensate them for the injuries inflicted by Defendants. Accordingly, Neiman Marcus and NM Nevada Trust are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

154.   By reason of Defendants' willful acts, Neiman Marcus and NM Nevada Trust are entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

155.   This is an exceptional case making Neiman Marcus and NM Nevada Trust eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## SIXTH CAUSE OF ACTION
### [False Designation of Origin of the Bergdorf Goodman Marks Under 15 U.S.C. § 1125(a)]

156.   Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 155 of this Complaint as though fully set forth here.

157.   Defendants' use in commerce of the Bergdorf Goodman Marks and the Bergdorf Goodman Related Domain Names are likely to cause confusion, or to cause mistake, or to deceive the relevant public that the Bergdorf Goodman Related Domain Names, websites and pop-up and pop-under advertisements displa yed at the Bergdorf Goodman Related Domain Names are authorized by or are affiliated with Neiman Marcus.

158.   Defendants' use of the Bergdorf Goodman Marks and the Bergdorf Goodman Related Domain Names is likely to cause initial interest confusion among the relevant public.

159.   Bergdorf Goodman and NM Nevada Trust are informed and believe and on that basis allege that Defendants knowingly provided material false contact information in registering and maintaining the Bergdorf Goodman Related Domain Names.

160.   The above-described acts of Defendants constitute trademark infringement in violation of 15 U.S.C. §1125(a), entitling Bergdorf Goodman and NM Nevada Trust to relief.

161.   Defendants have unfairly profited from the actions alleged.

162.   By reason of Defendants' acts alleged herein, Bergdorf Goodman and NM Nevada Trust have suffered damage to the goodwill associated with the Bergdorf Goodman Marks and have suffered irreparable harm.

163.   By reason of Defendants' acts alleged herein, Bergdorf Goodman and NM Nevada Trust's remedy at law is not adequate to compensate them for the injuries inflicted by Defendants. Accordingly, Bergdorf Goodman and NM Nevada Trust are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

164.    By reason of Defendants' willful acts Bergdorf Goodman and NM Nevada Trust are entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

165.    This is an exceptional case making Bergdorf Goodman and NM Nevada Trust eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

**SEVENTH CAUSE OF ACTION**
**[Dilution of the Neiman Marcus Marks Under 15 U.S.C. § 1125(c)]**

166.    Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 165 of this Complaint as though fully set forth here.

167.    The Neiman Marcus Marks are famous marks and were famous before Defendants' use of the Neiman Marcus Marks and the Neiman Marcus Related Domain Names in commerce.

168.    Defendants' use of the Neiman Marcus Marks and the Neiman Marcus Related Domain Names in commerce is likely to cause dilution by blurring or dilution by tarnishment of the Neiman Marcus Marks.

169.    Neiman Marcus and NM Nevada Trust are informed and believe and on that basis allege that Defendants knowingly provided material false contact information in registering and maintaining the Neiman Marcus Related Domain Names.

170.    The above-described acts of Defendants constitute dilution by blurring and dilution by tarnishment in violation of 15 U.S.C. §1125(c), entitling Neiman Marcus and NM Nevada Trust to relief.

171.    Defendants have unfairly profited from the actions alleged.

172.    By reason of Defendants' acts, Neiman Marcus and NM Nevada Trust have suffered damage to the goodwill associated with the Neiman Marcus Marks and have suffered irreparable harm.

173.    By reason of Defendants' acts, Neiman Marcus and NM Nevada Trust's remedy at law is not adequate to compensate them for the injuries inflicted by Defendants. Accordingly,

Neiman Marcus and NM Nevada Trust are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

174.    By reason of Defendants' willful acts, Neiman Marcus and NM Nevada Trust are entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

175.    This is an exceptional case making Neiman Marcus and NM Nevada Trust eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

**EIGHTH CAUSE OF ACTION**
**[Dilution of the Bergdorf Goodman Marks Under 15 U.S.C. § 1125(c)]**

176.    Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 175 of this Complaint as though fully set forth here.

177.    The Bergdorf Goodman Marks are famous marks and were famous before Defendants' use of the Bergdorf Goodman Marks and the Bergdorf Goodman Related Domain Names in commerce.

178.    Defendants' use of the Bergdorf Goodman Marks and the Bergdorf Goodman Related Domain Names in commerce is likely to cause dilution by blurring or dilution by tarnishment of the Bergdorf Goodman Marks.

179.    Bergdorf Goodman and NM Nevada Trust are informed and believe and on that basis allege that Defendants knowingly provided material false contact information in registering and maintaining the Bergdorf Goodman Related Domain Names.

180.    The above-described acts of Defendants constitute dilution by blurring and dilution by tarnishment in violation of 15 U.S.C. §1125(c), entitling Bergdorf Goodman and NM Nevada Trust to relief.

181.    Defendants have unfairly profited from the actions alleged.

182.    By reason of Defendants' acts, Bergdorf Goodman and NM Nevada Trust have suffered damage to the goodwill associated with the Bergdorf Goodman Marks and have suffered irreparable harm.

183.    By reason of Defendants' acts, Bergdorf Goodman and NM Nevada Trust's remedy at law is not adequate to compensate them for the injuries inflicted by Defendants. Accordingly, Bergdorf Goodman and NM Nevada Trust are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

184.    By reason of Defendants' willful acts, Bergdorf Goodman and NM Nevada Trust are entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

185.    This is an exceptional case making Bergdorf Goodman and NM Nevada Trust eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### NINTH CAUSE OF ACTION
### [Common Law Trademark and Trade Name Infringement
### of the Neiman Marcus Marks]

186.    Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 185 of this Complaint as though fully set forth here.

187.    The acts and conduct of the Defendants, as alleged herein, constitute the infringement and misappropriation of Neiman Marcus and NM Nevada Trust common law rights in the Neiman Marcus Marks and the Neiman Marcus Related Domain Names.

188.    The Defendants' aforesaid acts have caused Neiman Marcus and NM Nevada Trust to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

189.    The Defendants have engaged and continue to engage in these activities knowingly, willfully, maliciously and deliberately, so as to justify the assessment of exemplary damages against them, in an amount to be determined at the time of trial.

190.    The Defendants' aforesaid acts, unless enjoined by this Court, will continue to cause Neiman Marcus and NM Nevada Trust to sustain irreparable damage, loss and injury, for which they have no adequate remedy at law.

## TENTH CAUSE OF ACTION
### [Common Law Trademark and Trade Name Infringement of the Bergdorf Goodman Marks]

191.    Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 190 of this Complaint as though fully set forth here.

The acts and conduct of the Defendants, as alleged herein, constitute the infringement and misappropriation of Bergdorf Goodman's and NM Nevada Trust's common law rights in the Bergdorf Goodman Marks and the Bergdorf Goodman Related Domain Names.

192.    The Defendants' aforesaid acts have caused Bergdorf Goodman and NM Nevada Trust to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

193.    The Defendants have engaged and continue to engage in these activities knowingly, willfully, maliciously and deliberately, so as to justify the assessment of exemplary damages against them, in an amount to be determined at the time of trial.

194.    The Defendants' aforesaid acts, unless enjoined by this Court, will continue to cause Bergdorf Goodman and NM Nevada Trust to sustain irreparable damage, loss and injury, for which they have no adequate remedy at law.

## ELEVENTH CAUSE OF ACTION
### [Violation of Colorado Consumer Protection Act with Respect to Neiman Marcus]

195.    Neiman Marcus and NM Nevada Trust reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 194 of this Complaint as though fully set forth here.

196.    The District of Colorado has an important interest in ensuring that persons and entities doing business with Colorado residents fully comply with Colorado laws.

197.   The conduct complained of herein is a deceptive trade practice, in that, *inter alia*, Defendants knowingly make false representations as to the source of his goods and services, and knowingly make false representations as to their affiliation with Neiman Marcus.

198.   The Defendants' conduct occurred in the course of its business, vocation, or occupation.

199.   The products offered by Neiman Marcus implicate the public interest.

200.   Defendants' unfair and deceptive acts and practices are intended to, and are likely, to lead to dilution, confusion, mistake, or deception among the public as to the source, sponsorship, affiliation, endorsement, or approval of the Neiman Marcus Marks.

201.   All the conduct alleged herein occurs and continues to occur in the course of the Defendants' business.  The conduct is part of a pattern or generalized course of conduct repeated on numerous occasions daily.

202.   Defendants have engaged and continue to engage in these activities knowingly, willfully, deliberately, and in bad faith.

203.   Neiman Marcus and NM Nevada Trust have been directly and proximately injured in their business and property by Defendants' conduct complained of herein, in violation of their rights under C.R.S. § 6-1-105.

204.   Defendants' violations of C.R.S. § 6-1-105 have caused Neiman Marcus and NM Nevada Trust to sustain monetary damages, loss and injury, in an amount to be determined at the time of trial.

205.   In addition, pursuant to C.R.S. § 6-1-113, Neiman Marcus and NM Nevada Trust are entitled to treble damages, attorneys' fees and costs of suit, all in amounts to be determined at trial.

206.    Unless enjoined by this Court, Defendants will continue to cause irreparable damage, loss and injury, for which Neiman Marcus and NM Nevada Trust have no adequate remedy at law.

## TWELFTH CAUSE OF ACTION
### [Violation of Colorado Consumer Protection Act with Respect to Bergdorf Goodman]

207.    Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 206 of this Complaint as though fully set forth here.

208.    The District of Colorado has an important interest in ensuring that persons and entities doing business with Colorado residents fully comply with Colorado laws.

209.    The conduct complained of herein is a deceptive trade practice, in that, *inter alia*, Defendants knowingly make false representations as to the source of their goods and services, and knowingly make false representations as to their affiliation with Bergdorf Goodman.

210.    The Defendants' conduct occurred in the course of its business, vocation, or occupation.

211.    The products offered by Bergdorf Goodman implicate the public interest.

212.    Defendants' unfair and deceptive acts and practices are intended to, and are likely, to lead to dilution, confusion, mistake, or deception among the public as to the source, sponsorship, affiliation, endorsement, or approval of the Bergdorf Goodman Mark.

213.    All the conduct alleged herein occurs and continues to occur in the course of the Defendants' business. The conduct is part of a pattern or generalized course of conduct repeated on numerous occasions daily.

214.    Defendants have engaged and continue to engage in these activities knowingly, willfully, deliberately, and in bad faith.

27

215.    Bergdorf Goodman and NM Nevada Trust have been directly and proximately injured in their business and property by Defendants' conduct complained of herein, in violation of their rights under C.R.S. § 6-1-105.

216.    Defendants' violations of C.R.S. § 6-1-105 have caused Bergdorf Goodman and NM Nevada Trust to sustain monetary damages, loss and injury, in an amount to be determined at the time of trial.

217.    In addition, pursuant to C.R.S. § 6-1-113, Bergdorf Goodman and NM Nevada Trust are entitled to treble damages, attorneys' fees and costs of suit, all in amounts to be determined at trial.

218.    Unless enjoined by this Court, Defendants will continue to cause irreparable damage, loss and injury, for which Bergdorf Goodman and NM Nevada Trust have no adequate remedy at law.

### THIRTEENTH CAUSE OF ACTION
**[Unfair Competition with Neiman Marcus**
**Under Colorado Common Law]**

219.    Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 218 of this Complaint as though fully set forth here.

220.    The acts and conduct of Defendants as alleged above in this Complaint constitute unfair competition with Neiman Marcus and NM Nevada Trust under Colorado common law.

221.    Defendants' acts and conduct as alleged above have damaged and will continue to damage Neiman Marcus and NM Nevada Trust in an amount that is unknown at the present time.

### FOURTEENTH CAUSE OF ACTION
**[Unfair Competition with Bergdorf Goodman**
**Under Colorado Common Law]**

222.    Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 221 of this Complaint as though fully set forth here.

28

223.    The acts and conduct of Defendants as alleged above in this Complaint constitute unfair competition with Bergdorf Goodman and NM Nevada Trust under Colorado common law.

224.    Defendants' acts and conduct as alleged above have damaged and will continue to damage Bergdorf Goodman and NM Nevada Trust in an amount that is unknown at the present time.

## JURY DEMAND

225.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury as to all issues so triable in this action.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment against Defendants as follows:

1.      That the Court enter a judgment against Defendants as indicated below:

(a)     that Defendants have infringed the rights of Neiman Marcus and NM Nevada Trust in their Neiman Marcus Marks in violation of 15 U.S.C. § 1125(d), 15 U.S.C. § 1114(1), 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(c), C.R.S. § 6-1-105, and the Colorado common law;

(b)     that Defendants have infringed the rights of Bergdorf Goodman and NM Nevada Trust in their Bergdorf Goodman Marks in violation of 15 U.S.C. § 1125(d), 15 U.S.C. § 1114(1), 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(c), C.R.S. § 6-1-105, and the Colorado common law;

2.      That Defendants, their agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with them be preliminarily and permanently enjoined from cybersquatting on, infringing, diluting the Neiman Marcus Marks, or false advertising, or unfairly competing with Neiman Marcus or NM Nevada Trust.

3.      That Defendants, their agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with them be preliminarily and permanently enjoined from cybersquatting on, infringing, diluting the Bergdorf Goodman Marks, or false advertising, or unfairly competing with Bergdorf Goodman or NM Nevada Trust.

4.      That Defendants be preliminarily and permanently enjoined from assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in Paragraphs 2 and 3 above.

5.      That Name.com be ordered to pay statutory damages under 15 U.S.C. § 1117(d), on election by Plaintiffs, in an amount of $100,000 per domain name.

6.      That Name.net be ordered to pay statutory damages under 15 U.S.C. § 1117(d), on election by Plaintiffs, in an amount of $100,000 per domain name.

7.      That Spot Domain be ordered to pay statutory damages under 15 U.S.C. § 1117(d), on election by Plaintiffs, in an amount of $100,000 per domain name.

8.      That Defendants be ordered to engage in corrective advertising to the extent necessary to correct any consumer confusion or misperceptions resulting from Defendants' unlawful acts complained of above.

9.      That Defendants be ordered to account to Neiman Marcus and NM Nevada Trust for, and disgorge, all profits it has derived by reason of the unlawful acts complained of above.

10.     That Defendants be ordered to account to Bergdorf Goodman and NM Nevada Trust for, and disgorge, all profits it has derived by reason of the unlawful acts complained of above.

11.     That Defendants be ordered to pay compensatory damages, and that those damages be trebled, under 15 U.S.C. § 1117, and C.R.S. § 6-1-113.

12.     That Defendants be ordered to pay Plaintiffs' reasonable attorney fees, prejudgment interest, and costs of this action under 15 U.S.C. § 1117, and C.R.S. § 6-1-113.

30

Dated:  March 15th 2007.

Respectfully submitted,

FAIRFIELD AND WOODS, P.C.


_____*s/ Gregory C. Smith*_____
Gregory C. Smith, #5924
1700 Lincoln Street
Denver, Colorado 80203-4524
Tel.: (303) 830-2400
Fax: (303) 830-1033
E-mail: gsmith@fwlaw.com


Attorneys for Plaintiffs The Neiman Marcus
Group, Inc., Bergdorf Goodman, Inc., NM
Nevada Trust