IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 07-cv-00525-WYD-BNB

THE NEIMAN MARCUS GROUP, INC.;
BERGDORF GOODMAN, INC.; and
NM NEVADA TRUST,

        Plaintiffs,

v.

NAME.COM, LLC A/K/A NAME.COM;
NAME.NET LLC A/K/A NAME.NET; and
SPOT DOMAINS LLC A/K/A DOMAINSITE.COM,

        Defendants.

---

**ANSWER OF NAME.COM, LLC A/K/A NAME.COM, NAME.NET LLC A/K/A NAME.NET, AND SPOT DOMAINS LLC A/K/A DOMAINSITE.COM TO COMPLAINT FOR CYBERSQUATTING, TRADEMARK INFRINGEMENT, DILUTION, UNFAIR AND DECEPTIVE TRADE PRACTICES, AND UNFAIR COMPETITION AND DEMAND FOR JURY TRIAL WITH AFFIRMATIVE DEFENSES**

---

Defendants Name.com, LLC a/k/a Name.com, Name.net LLC a/k/a Name.net, and Spot Domains LLC a/k/a Domainsite.com (collectively, "Defendants") hereby answer the Complaint of Plaintiffs The Neiman Marcus Group, Inc., Bergdorf Goodman, Inc., and NM Nevada Trust (collectively, "Plaintiffs") for cybersquatting; trademark infringement; dilution; unfair and deceptive trade practices; and unfair competition and demand for jury trial as follows:

### JURISDICTION AND VENUE

**1.** Defendants admit that Plaintiffs have commenced an action for cybersquatting under 15 U.S.C. § 1125(d), for trademark infringement under 15 U.S.C. § 1114(1) and common

752234 v4/PA

law, for false designation of origin under 15 U.S.C. § 1125(a), for dilution under 15 U.S.C. § 1125(c), for violation of the Colorado Consumer Protection Acts under C.R.S. § 6-1-105, and unfair competition under Colorado common law.  Defendants deny that this Court has subject matter jurisdiction.

 **2.**  Denied.

 **3.**  Defendants admit that Defendants reside in this District.  Defendants deny the remaining allegations in Paragraph 3.

## FACTS AND BACKGROUND

 **4.**  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 4 and therefore deny them.

 **5.**  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 5 and therefore deny them.

 **6.**  Defendants are without sufficient knowledge or information to admit or deny the truth of the allegations of Paragraph 6 and therefore deny them.

 **7.**  Defendants admit that Name.com, LLC a/k/a Name.com ("Name.com") is a Wyoming corporation located at 125 Rampart Way, Suite 300, Denver, Colorado 80230. Defendants further admit that Name.com resides within this District, has its principal place of business within this District, and that it has conducted business within this District.  Defendants deny that Name.com has engaged in unlawful activities and that Plaintiffs have suffered harm from business conducted by Name.com.  Defendants deny the remaining allegations in Paragraph 7.

 **8.**  Defendants admit that Name.net LLC a/k/a Name.net ("Name.net") is a Wyoming

corporation located at 125 Rampart Way, Suite 300, Denver, Colorado 80230. Defendants further admit that they reside within this District, have its principal place of business within this District, and that it has conducted business within this District. Defendants deny that Name.net has engaged in unlawful activities and that Plaintiffs have suffered harm from business conducted by Name.net. Defendants deny the remaining allegations in Paragraph 8.

9.     Denied. Defendants admit that Spot Domain LLC a/k/a Domainsite.com ("Spot Domain") is a Wyoming corporation located at 125 Rampart Way, Suite 300, Denver, Colorado 80230. Defendants further admit that Spot Domain resides within this District, has its principal place of business within this District, and conducts substantial business within this District. Defendants deny the remaining allegations in Paragraph 9.

10.    Denied.

11.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies them.

12.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies them.

13.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies them.

14.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies them.

15.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies them.

16.    Defendants are without sufficient knowledge or information to form a belief as to

the truth of the allegations of Paragraph 16 and therefore denies them.

17.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies them.

18.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies them.

19.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies them.

20.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies them.

21.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies them.

22.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies them.

23.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies them.

24.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies them.

25.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies them.

26.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies them.

27.     Admitted.

**28.**    Admitted.

**29.**    Admitted.

**30.**    Admitted.

**31.**    Admitted.

**32.**    Admitted.

**33.**    Denied.

**34.**    Denied.

**35.**    Denied.

**36.**    Defendants admit that as registrars they have registered numerous Internet domain names, but deny all other allegations contained in paragraph 36.

**37.**    Denied.

**38.**    Denied.

**39.**    Defendants are without sufficient knowledge or information to admit or deny the truth of the allegations of Paragraph 39 and therefore deny them.

**40.**    Defendants are without sufficient knowledge or information to admit or deny the truth of the allegations of Paragraph 40 and therefore deny them.

**41.**    Denied.

**42.**    Defendants are without sufficient knowledge or information to admit or deny the truth of the allegations of Paragraph 42 and therefore deny them.

**43.**    The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny all allegations in Paragraph 43.

**44.**     Denied.

**45.**     Defendants are without sufficient knowledge or information to admit or deny the truth of the allegations of Paragraph 45 and therefore deny them.

**46.**     Denied.

**47.**     Defendants are without sufficient knowledge or information to admit or deny the truth of the allegations of Paragraph 47 and therefore deny them.

**48.**     Denied.

**49.**     Denied.

**50.**     Defendants admit that Exhibit 3 appears to be a copy of a webpage identifying the domain name righteouscoffee.com as being potentially available.   Defendants deny the remaining allegations in Paragraph 50.

**51.**     Defendants are without sufficient knowledge or information to admit or deny the truth of the allegations of Paragraph 51 and therefore deny them.

**52.**     Denied.

**53.**     Defendants are without sufficient knowledge or information to admit or deny the truth of the allegations of Paragraph 53 and therefore deny them.

**54.**     The allegations in this paragraph call for legal conclusions and therefore require no response.   To the extent the paragraph requires a response, Defendants admit that Plaintiffs purport to attach a list of domain names to their Complaint as Exhibit 6 but deny the remaining allegations in Paragraph 54.

**55.**     Denied.

**56.**     Defendants are without sufficient knowledge or information to admit or deny the

truth of the allegations of Paragraph 56 and therefore deny them.

**57.**   Denied.

**58.**   Denied.

**59.**   Defendants are without sufficient knowledge or information to admit or deny the truth of the allegations of Paragraph 59 and therefore deny them.

**60.**   Denied.

**61.**   Denied.

**62.**   Denied.

**63.**   Denied.

**64.**   Defendants admit that they may have performed services as a registrar in connection with the registration of some of the domain names identified in Paragraph 64 as a registrar.  Defendants deny that these domain names are infringing, and deny the remaining allegations in Paragraph 64.

**65.**   Defendants are without sufficient knowledge or information to admit or deny the truth of the allegations of Paragraph 65 and therefore deny them.

**66.**   The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

**67.**   The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

**68.**   Denied.

**69.** Denied.

**70.** Defendants are without sufficient knowledge or information to admit or deny the truth of the allegations of Paragraph 70 and therefore deny them.

**71.** Defendants are without sufficient knowledge or information to admit or deny the truth of the allegations of Paragraph 71 and therefore deny them.

**72.** Denied.

**73.** Defendants are without sufficient knowledge or information to admit or deny the truth of the allegations of Paragraph 73 and therefore deny them.

**74.** Defendants are without sufficient knowledge or information to admit or deny the truth of the allegations of Paragraph 74 and therefore deny them.

**75.** Denied.

**76.** Defendants are without sufficient knowledge or information to admit or deny the truth of the allegations of Paragraph 76 and therefore deny them.

**FIRST CAUSE OF ACTION**
**[Cybersquatting on the Neiman Marcus marks Under 15 U.S.C. § 1125(d)]**

**77.** Defendants reallege and incorporate by reference each of their responses to Paragraphs 1 through 76 as though fully set forth herein.

**78.** Defendants admit that as registrars, they accept registrations of domain names on behalf of third parties. Defendants deny the remaining allegations in Paragraph 78.

**79.** Denied.

**80.** Denied.

**81.** Denied.

**82.** The allegations in this paragraph call for legal conclusions and therefore require

no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

83.     The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

84.     The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

85.     Denied.

86.     The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

87.     The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

88.     The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

89.     Denied.

90.     The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

**91.**     Denied.

**92.**     Denied.

**93.**     Denied.

**94.**     Denied.

**95.**     Denied.

**96.**     The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

**97.**     Denied.

**98.**     Denied.

**99.**     Denied.

**100.**     Denied.

**101.**     Denied.

**SECOND CAUSE OF ACTION**
**[Cybersquatting on the Bergdorf Goodman Marks Under 15 U.S.C. § 1125(d)]**

**102.**     Defendants reallege and incorporate by reference each of their responses to Paragraphs 1 through 101 as though fully set forth herein.

**103.**     Defendants admit that as registrars, they accept registrations of domain names on behalf of third parties.  Defendants deny the remaining allegations in Paragraph 103.

**104.**     Denied.

**105.**     Denied.

**106.**     Denied.

**107.**     The allegations in this paragraph call for legal conclusions and therefore require

no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

108.    The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

109.    The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

110.    Denied.

111.    The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

112.    The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

113.    The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

114.    Denied.

115.    The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

**116.**   Denied.

**117.**   Denied.

**118.**   Denied.

**119.**   Denied.

**120.**   Denied.

**121.**   The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

**122.**   Denied.

**123.**   Denied.

**124.**   Denied.

**125.**   Denied.

**THIRD CAUSE OF ACTION**
**[Trademark Infringement of the Neiman Marcus Marks Under 15 U.S.C. § 1114(1)]**

**126.**   Defendants reallege and incorporate by reference each of their responses to Paragraphs 1 through 125 as though fully set forth herein.

**127.**   The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

**128.**   The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

**129.**   Denied.

**130.**   Denied.

**131.**   Denied.

**132.**   Denied.

**133.**   Denied.

**134.**   Denied.

**135.**   Denied.

## FOURTH CAUSE OF ACTION
### [Trademark Infringement of the Bergdorf Goodman Marks Under 15 U.S.C. § 1114(1)]

**136.**   Defendants reallege and incorporate by reference each of their responses to Paragraphs 1 through 135 as though fully set forth herein.

**137.**   The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

**138.**   The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

**139.**   Denied.

**140.**   Denied.

**141.**   Denied.

**142.**   Denied.

**143.**   Denied.

**144.**   Denied.

752234 v4/PA

**145.**   Denied.

## FIFTH CAUSE OF ACTION
**[False Designation of Origin of the Neiman Marcus Marks Under 15 U.S.C. § 1125(a)]**

**146.**   Defendants reallege and incorporate by reference each of their responses to Paragraph 1 through 145 as though fully set forth herein.

**147.**   The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

**148.**   The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

**149.**   Denied.

**150.**   Denied.

**151.**   Denied.

**152.**   Denied.

**153.**   Denied.

**154.**   Denied.

**155.**   Denied.

## SIXTH CAUSE OF ACTION
**[False Designation of Origin of the Bergdorf Goodman Marks Under 15 U.S.C. § 1125(a)]**

**156.**   Defendants reallege and incorporate by reference each of their responses to Paragraphs 1 through 155 as though fully set forth herein.

**157.**   The allegations in this paragraph call for legal conclusions and therefore require

no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

158.    The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

## SEVENTH CAUSE OF ACTION
### [Dilution of the Neiman Marcus Marks Under 15 U.S.C. § 1125(c)]

166.    Defendants reallege and incorporate by reference each of their responses to Paragraphs 1 through 165 as though fully set forth herein.

167.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations that the Neiman Marcus Marks are famous marks and therefore denies them.  Defendants deny the remaining allegations in Paragraph 167.

168.    The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

169.    Denied.

**170.**   Denied.

**171.**   Denied.

**172.**   Denied.

**173.**   Denied.

**174.**   Denied.

**175.**   Denied.

## EIGHTH CAUSE OF ACTION
### [Dilution of the Bergdorf Goodman Marks Under 15 U.S.C. § 1125(c)]

**176.**   Defendants reallege and incorporate by reference each of their responses to Paragraphs 1 through 175 as though fully set forth herein.

**177.**   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations that the Neiman Marcus Marks are famous marks and therefore denies them.  Defendants deny the remaining allegations in Paragraph 177.

**178.**   The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

**179.**   Denied.

**180.**   Denied.

**181.**   Denied.

**182.**   Denied.

**183.**   Denied.

**184.**   Denied.

**185.**   Denied.

**NINTH CAUSE OF ACTION**
**[Common Law Trademark and Trade Name Infringement of the Neiman Marcus Marks]**

186.     Defendants reallege and incorporate by reference each of their responses to Paragraphs 1 through 185 as though fully set forth herein.

187.     Denied.

188.     Denied.

189.     Denied.

190.     Denied.

**TENTH CAUSE OF ACTION**
**[Common Law Trademark and Trade Name Infringement of the**
**Bergdorf Goodman Marks]**

191.     Defendants reallege and incorporate by reference each of their responses to Paragraphs 1 through 190 as though fully set forth herein.  Defendants deny the remainder of the allegations in this paragraph.

192.     Denied.

193.     Denied.

194.     Denied.

**ELEVENTH CAUSE OF ACTION**
**[Violation of Colorado Consumer Protection Act with Respect to Neiman Marcus]**

195.     Defendants reallege and incorporate by reference each of their responses to Paragraphs 1 through 194 as though fully set forth herein.

196.     The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny the allegations therein and demand proof thereof.

**197.**    Denied.

**198.**    Denied.

**199.**    Defendants have insufficient knowledge as to the products offered by Bergdorf Goodman and therefore denies same and demand proof thereof.  Defendants deny the remaining allegations herein.

**200.**    Denied.

**201.**    Denied.

**202.**    Denied.

**203.**    Denied.

**204.**    Denied.

**205.**    Denied.

**206.**    Denied.

**TWELFTH CAUSE OF ACTION**
**[Violation of Colorado Consumer Protection Act with Respect to Bergdorf Goodman]**

**207.**    Defendants reallege and incorporate by reference each of their response to Paragraphs 1 through 206 as though fully set forth herein.

**208.**    The allegations in this paragraph call for legal conclusions and therefore require no response.  To the extent the paragraph requires a response, Defendants deny all allegations in Paragraph 208 as it is overly broad and ambiguous.  Federal courts are courts of limited, not general, jurisdiction.

**209.**    Denied.

**210.**    Denied.

**211.**    Defendants have insufficient knowledge as to the products offered by Bergdorf

Goodman and therefore deny same and demand proof thereof.  Defendants deny the remaining allegations herein.

**212.**   Denied.

**213.**   Denied.

**214.**   Denied.

**215.**   Denied.

**216.**   Denied.

**217.**   Denied.

**218.**   Denied.

### THIRTEENTH CAUSE OF ACTION
### [Unfair Competition with Neiman Marcus under Colorado Common Law]

**219.**   Defendants reallege and incorporate by reference each of their responses to Paragraphs 1 through 218 as though fully set forth herein.

**220.**   Denied.

**221.**   Denied.

### FOURTEENTH CAUSE OF ACTION
### [Unfair Competition with Bergdorf Goodman Under Colorado Common Law]

**222.**   Defendants reallege and incorporate by reference each of their responses to Paragraphs 1 through 221 as though fully set forth herein.

**223.**   Denied.

**224.**   Denied.

### JURY DEMAND

**225.**   Defendants admit that Plaintiffs demand a trial by jury as to all issues so triable in

this action.

## **AFFIRMATIVE DEFENSES**

Defendants allege the following affirmative defenses:

### **First Affirmative Defense**

1.      Plaintiffs' complaint, and each and every claim alleged therein, fail to state facts sufficient to constitute a cause of action upon which relief may be granted and the causes of action lack federal subject matter jurisdiction.

### **Second Affirmative Defense**

2.      Plaintiffs are not entitled by statute or common law to recover the damages prayed for in the complaint.

### **Third Affirmative Defense**

3.      Plaintiffs' actions complained of are barred by the doctrine of laches.

### **Fourth Affirmative Defense**

4.      Plaintiffs' actions complained of are barred by the doctrine of estoppel.

### **Fifth Affirmative Defense**

5.      Plaintiffs' actions complained of are barred by the doctrine of acquiescence.

### **Sixth Affirmative Defense**

6.      Plaintiffs' actions complained of are barred by the doctrine of unclean hands and Plaintiffs' inequitable conduct.

### **Seventh Affirmative Defense**

7.      Plaintiffs' traditional trademark claims are preempted by the cybersquatting laws of the United States.

### Eighth Affirmative Defense

8.      Plaintiffs' actions complained of are barred by the doctrine of fair use and Defendants' actions are privileged.

### Ninth Affirmative Defense

9.      Plaintiffs' complaint is indefinite.

### Tenth Affirmative Defense

10.     Plaintiffs' actions complained of are barred by the First Amendment to the United States Constitution since Defendants' conduct claimed in the complaint constitutes protected commercial speech.

### Eleventh Affirmative Defense

11.     Defendants have acted in the good faith belief that their conduct is not unlawful and Defendants, as registrars, are protected from suit.

### Additional Affirmative Defenses

12.     Defendants reserve the right to raise additional affirmative defenses and to supplement those herein upon discovery of further information and investigation into the Plaintiffs' claims.

WHEREFORE, Defendants NAME.COM, LLC A/K/A NAME.COM; NAME.NET LLC A/K/A NAME.NET; and SPOT DOMAINS LLC A/K/A DOMAINSITE.COM respectfully requests judgment dismissing the Complaint, with prejudice, and awarding Defendants attorneys' fees, costs and disbursements of this action, and such other and further relief as this Court deems just, equitable, and proper.

Dated:  May 31, 2007                          ___/s/ Andrew Hartman_____
                                              Andrew Hartman
                                              COOLEY GODWARD KRONISH LLP
                                              380 Interlocken Crescent, Suite 900
                                              Broomfield, Colorado 80021-8023
                                              Phone: (720) 566-4200
                                              Facsimile: (720) 566-4099
                                              E-mail: ahratman@cooley.com

                                              Christine Hsieh
                                              COOLEY GODWARD KRONISH LLP
                                              Five Palo Alto Square, 4th Floor
                                              3000 El Camino Real
                                              Palo Alto, CA 94306
                                              Phone: (650) 843-5000
                                              Facsimile: (650) 857-0663
                                              E-mail: chsieh@cooley.com

                                              Attorneys for Defendants

752234 v4/PA

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2007, I electronically filed the foregoing

ANSWER OF NAME.COM, LLC A/K/A NAME.COM, NAME.NET LLC A/K/A NAME.NET, AND SPOT DOMAINS LLC A/K/A DOMAINSITE.COM TO COMPLAINT FOR CYBERSQUATTING, TRADEMARK INFRINGEMENT, DILUTION, UNFAIR AND DECEPTIVE TRADE PRACTICES, AND UNFAIR COMPETITION AND DEMAND FOR JURY TRIAL WITH AFFIRMATIVE DEFENSES

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

gsmith@fwlaw.com

and I hereby certify that a copy of the same was placed in the United States Mail, postage prepaid, addressed to:

Gregory C. Smith
Fairfield and Woods, P.C.
1700 Lincoln Street
Denver, Colorado 80203-4524
Tel: (303) 830-2400
Fax: (303) 930-1033
E-mail: gsmith@fwlaw.com

David J. Steele
3501 Jamboree Road
North Tower, Suite 6000
Newport Beach, CA
92660-2960
Tel: (949) 476-0757
Email: david.steele@cph.com

Dated:  May 31, 2007                              /s/ Christine Hsieh
                                                 Christine Hsieh

752234 v4/PA